UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FATBOY THE ORIGINAL B.V. and FATBOY USA, LLC<br><br>　　　　　　　　　　　　Plaintiffs,<br>　　v.<br><br>EMRG, LLC,<br><br>　　　　　　　　　　　　Defendant. | Civil Action No. 3:16-cv-02520 |

## ORIGINAL COMPLAINT

Plaintiffs Fatboy the Original B.V. ("Fatboy") and Fatboy USA, LLC ("Fatboy USA" and, together with Fatboy, "Plaintiffs"), for their Complaint against Defendant EMRG, LLC ("EMRG" or "Defendant"), allege as follows:

## SUBSTANCE OF THE ACTION

1. Fatboy is the owner of all rights worldwide in the wildly popular LAMZAC THE ORIGINAL inflatable lounger (the "LAMZAC Lounger"), the design of which is covered by U.S. Patent No. D764,823 (the "LAMZAC Lounger Patent"), and Fatboy USA has an exclusive license from Fatboy to distribute and promote the LAMZAC Lounger in the United States. The claim asserted herein arises out of and is based on Defendant's brazen and willful infringement of the LAMZAC Lounger Patent. Accordingly, Plaintiffs bring a claim for design patent infringement under Section 271 of the U.S. Patent Act, 35 U.S.C. § 271.

2. Plaintiffs seek injunctive relief to stop Defendant's unlawful distribution and sale of its infringing products. Plaintiffs also seek monetary relief in an amount sufficient to compensate for their loss, an accounting and award of Defendant's total profits flowing from its

infringing activities; prejudgment interest; costs and attorneys' fees; and all other relief the Court deems just and proper.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under Sections 1331, 1332, and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331, 1332, 1338(a) & (b).

4. This Court has personal jurisdiction over Defendant pursuant to Texas Civil Practice and Remedies Code § 17.042 because, upon information and belief, (i) Defendant regularly does and solicits business within the State of Texas; (ii) Defendant has engaged in the marketing, promotion, advertising and offering for sale of its infringing products within the State of Texas, including via the interactive ecommerce websites at qvc.com, pouchcouch.com, and bedbathandbeyond.com and in brick-and-mortar Bed Bath & Beyond stores located in Texas; and (iii) Defendant has committed torts in the State of Texas, namely the marketing, promotion, advertising, sale and/or offering for sale of its infringing products in Texas, including through the above-referenced sales channels, in violation of Plaintiffs' rights.

5. Venue is proper under Section 1391(b) and 1400(b) of the Judicial Code, 28 U.S.C. §§ 1391(b), 1400(b), because a substantial part of the events giving rise to the claims occurred in this district, including Defendant's marketing, promoting, advertising, selling and/or offering for sale its infringing products in this district.

## THE PARTIES

6. Plaintiff Fatboy the Original B.V. is a limited liability company organized and existing under the laws of the Netherlands, having a place of business at De Steenbok 19 Den Bosch, 5215 MG Netherlands.

7.  Plaintiff Fatboy USA, LLC is a limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business at 875 West Sandy Lake Road, #100, Coppell, TX 75019.

8.  Upon information and belief, Defendant EMRG, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 1115 Broadway, 5th Floor, New York, NY 10010.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

**I.  THE LAMZAC LOUNGER**

9.  Mr. Marijn Oomen, a resident of the Netherlands, is the designer of the LAMZAC Lounger, an inflatable lounger that is filled with air by means of "air scooping." During "air scooping," an opening reinforced with ribs is held open and a scooping movement is made, so the bag fills with air. The opening is then folded together and the air stays caught in the bag.

10.  Profile views of the LAMZAC Lounger as shown in the LAMZAC Lounger Patent are shown below:



11. Mr. Oomen has assigned to Fatboy all of his rights in the design of the LAMZAC Lounger, including, without limitation, the LAMZAC Lounger Patent.  A copy of the LAMZAC Lounger Patent is attached hereto as **Exhibit A**.

12. Fatboy USA has an exclusive license from Fatboy to distribute and promote the LAMZAC Lounger in the United States.

13. The LAMZAC Lounger Patent claims a priority date of January 28, 2015, based on Fatboy's Registered European Community Design No. 002621904-0001 covering the LAMZAC Lounger design.

14. The LAMZAC Lounger is currently available for sale in the United States on Fatboy USA's website at www.fatboyusa.com and via various retail outlets and online channels.

## II. DEFENDANT'S INFRINGING ACTIVITIES

15. On information and belief, Defendants have manufactured, advertised, offered for sale, sold, distributed, imported, and/or exported inflatable loungers called the "PouchCouch" and "Pouch Couch Deluxe" (each, an "Infringing Product" and, together, the "Infringing Products"), each with a design that is substantially the same as the LAMZAC Lounger. Examples of images of the Infringing Products are shown below:

Pouch Couch



Pouch Couch Deluxe



16. Upon information and belief, Defendant markets and sells its Infringing Products online at their website, www.pouchcouch.com, and through various retailers and online channels, including Bed Bath & Beyond and QVC.

17. Upon information and belief, Defendant engaged and continues to engage in the above activities willfully, with the knowledge that the design of each Infringing Product is substantially same as the design of the LAMZAC Lounger without authorization.

18. Defendant is not related to or affiliated with Plaintiffs in any way. Defendants have not received a license or authorization from Plaintiffs for any purpose whatsoever, including for the acts described herein.

19. Defendant's unauthorized acts as described herein have caused and will continue to cause irreparable damage to Plaintiffs and their business unless restrained by this Court.

**FIRST CLAIM FOR RELIEF:**
**DESIGN PATENT INFRINGEMENT**
**IN VIOLATION OF 35 U.S.C. § 271 (Patent No. D764,823)**

20. Plaintiffs repeat and incorporate by reference the foregoing allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21. The design of the LAMZAC Lounger is covered by U.S. Patent No. D764,823, which issued on August 30, 2016 and is owned by Fatboy. Fatboy USA has an exclusive license from Fatboy to distribute and promote the LAMZAC Lounger in the United States.

22. U.S. Patent No. D764,823 is valid and subsisting.

23. Upon information and belief, Defendant, without authorization from Plaintiffs, has distributed, advertised, promoted, offered for sale and sold the Infringing Products, the designs of which are substantially the same as the design set forth in U.S. Design Patent No. D764,823, and embody the design protected by such patent.

24. Defendant's Infringing Products appropriate the novel ornamental features set forth in U.S. Patent No. D764,823 such that an ordinary observer familiar with the prior art designs, giving such attention as a purchaser usually gives, would find Plaintiffs' and Defendant's designs to be substantially the same and would be deceived into believing that the Infringing Products are the same as Fatboy's patented design.

25. By the foregoing acts, Defendant has directly infringed, infringed under the doctrine of equivalents, contributorily infringed, and/or induced infringement of, and continues to so infringe, U.S. Patent No. D764,823.

26. Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith, and with knowledge of Plaintiffs' rights.

27. Defendant's conduct violates Section 271 of the Patent Act, 35 U.S.C. § 271 and has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

28. Plaintiffs have complied with 35 U.S.C. § 287 to the extent it is applicable to them.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

1. Permanently enjoining and restraining Defendant, its agents, servants, employees, successors, and assigns and all those in active concert or participation with it, from:

    (a) infringing or inducing infringement of the LAMZAC Lounger Patent; or

    (b) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph (a) above.

2. Directing that Defendant turn over to Plaintiffs for impoundment and eventual destruction, without compensation to Defendant, all materials in its possession or control that violate the provisions of paragraph 1(a) above, along with all articles by means of which such unauthorized copies may be reproduced.

3. Directing that Defendant, at its own expense, recall from any distributors, retailers, vendors, or others to whom it has distributed materials that violate the provisions of paragraph 1(a) above, and that Defendant deliver up to Plaintiffs for destruction all materials returned to it.

4. Directing that Defendant file with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the permanent injunction.

5. Awarding Plaintiffs all damages sustained as a result of Defendant's infringement described above, together with appropriate interest thereon and that such sums be trebled pursuant to 35 U.S.C. § 284.

6. Awarding Plaintiffs the total profits realized by Defendant from its infringement described above pursuant to 35 U.S.C. § 289.

7. Granting Plaintiffs their reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

8. Granting Plaintiffs both pre-judgment and post-judgment interest on each and every monetary award.

9. Granting Plaintiffs such other and further relief as the Court may consider equitable, just and proper.

                                          JACKSON WALKER, LLP

Dated: August 31, 2016           By: \_\_/s/ John M. Jackson_____
                                        John M. Jackson
                                          Texas State Bar No. 24002340
                                          JACKSON WALKER, LLP
                                          2323 Ross Avenue, Suite 600
                                          Dallas, TX 75201
                                          214-953-6000
                                          214-953-5822 (Fax)
                                          jjackson@jw.com

                                          David Donahue (*pro hac vice* forthcoming)
                                          Jason D. Jones (*pro hac vice* forthcoming)
                                          FROSS ZELNICK LEHRMAN & ZISSU, P.C.
                                          866 United Nations Plaza
                                          New York, New York 10017

                                          *Attorneys for Plaintiffs*